```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| R&D MASTER ENTERPRISES, INC., PRO PAVE CORP., MATRIX TRANSPORT INC., JOSÉ A. ROVIRA GONZÁLEZ, his spouse MARÍA MAGDALENA DÍAZ VILA,<br><br>**Plaintiffs**<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO and NATALIE JARESKO, in her official capacity as Executive Director of the Financial Oversight and Management Board for Puerto Rico,<br><br>**Defendants** | **CIVIL NO.** 21-1317 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendants The Financial Oversight and Management Board for Puerto Rico ("the Board") and its Executive Director Natalie Jaresko's ("Jaresko") (jointly, "Defendants") *Motion to Dismiss*. (Docket No. 19). Having reviewed the parties' submissions in support and opposition, the Court **GRANTS** the *Motion to Dismiss*.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2021, Plaintiffs R&D Master Enterprises, Inc.; Pro Pave Corp.; Matrix Transport, Inc.; José A. Rovira González; his spouse María Magdalena Díaz Vila; and the conjugal partnership

between them (jointly, "Plaintiffs") filed a *Complaint* against Defendants. (Docket No. 1). They seek to assert claims under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, enforceable under 42 U.S.C. § 1983; claims averring violations to the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA"), 48 USC §§ 2101 *et seq.*; and request mandamus as well as declaratory and injunctive relief. Id. at 13-17. Succinctly stated, Plaintiffs take issue with the Economic Development Bank of Puerto Rico's ("BDE" by its Spanish acronym) sale of a loan portfolio valued at $384,269,047.00 to private investor PR Recovery and Development JV, LLC ("PR Recovery") via a Loan Sale Agreement (the "Agreement"). Id. at 4, 7. PR Recovery is currently attempting to collect the amounts owed by Plaintiffs. Id. Plaintiffs contend the Agreement was signed without prior evaluation and approval by the Board, which PROMESA requires for review of all local government transactions of $10,000,000 or more. Id. at 5 and 10. Consequently, they request the Court declare this failure to evaluate as inconsistent with: (1) PROMESA; (2) the Board's Contract Review Policy, and (3) earlier Board conduct regarding government contracts. Id. at 16. Lastly, they request this Court compel the Board to either approve or deny the Agreement. Id. at 13-16.

On September 3, 2021, Defendants filed their dispositive motion. (Docket No. 19). They argue the *Complaint*'s § 1983 and

PROMESA claims are time-barred. Id. at 23-24. Under Puerto Rico law, personal injury claims are subject to a one-year statute of limitations. Id. at 23. Here, the Agreement was signed on September 2018 and the collection and foreclosure actions, *i.e.* the "injury" suffered by Plaintiffs, took place "shortly thereafter." Id. at 24. Defendants further argue that the local civil complaint filed by the BDE in November 2019 put the public and Plaintiffs on notice as to the Agreement. Id. Thus, they allege that since Plaintiffs' claims accrued in 2019, the 2021 federal suit is time barred. Id.

On September 15, 2021, Plaintiffs opposed the pending *Motion to Dismiss*. (Docket No. 21). They did not address Defendants' allegations that the Complaint is time-barred. Instead, they claim the only adequate remedy available to them is a mandamus judgment compelling the Board to review the Agreement. Id. at 2. They also posit that if the Board reviews the Agreement per this Court's order, it could "verify that the disposition of public assets conducted pursuant to the [Agreement] rendered the BDE insolvent, at a significant economic loss to the Commonwealth." Id. at 6. On September 29, 2021, Defendants replied to the opposition. (Docket No. 31 at 3).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) authorizes a complaint's dismissal for "failure to state a claim upon which relief can be granted." To survive this motion, a complaint must contain sufficient factual

matter stating a claim for relief is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must find if all alleged facts, viewed in plaintiff's favor, make plausible an entitlement to relief. *See* Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Dismissal is proper only when these facts "taken as true, do not warrant recovery[.]" Martell-Rodríguez v. Rolón Suarez, 2020 WL 5525969, at *2 (D.P.R. 2020) (quotation omitted). Non-conclusory allegations are deemed true. Id. (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Prieto-Rivera v. American Airlines, Inc, 2021 WL 3371014, at *2 (D.P.R. 2020) (quotation omitted).

When assessing a dispositive motion, courts typically do not consider documents "outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Los Flamboyanes Apartments, Limited Dividend Partnership v. Triple-S Propiedad, Inc., 2020 WL 8881572 at *2 (quotation omitted). However, the First Circuit has held that "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Mark Iaria v. Today's Television, Inc., 2019 WL 1423691, at *4 (D.P.R. 2019) (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)). There is

no doubt the *Complaint* relies on the state court complaint, a copy of which Defendants attach as an exhibit to their *Motion to Dismiss*. (Docket Nos. 1; 19-3, certified translation at 19-4). Moreover, neither party has questioned the document's authenticity. Hence, it "merges into the pleadings" and may be considered by this Court when analyzing the merits of the *Motion to Dismiss*.

### III. DISCUSSION

**A. Plaintiffs' claims under 42 U.S.C. § 1983 are time-barred**

It is well settled "that a motion to dismiss may be granted on the basis of an affirmative defense, such as the statute of limitations, as long as 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Álvarez-Mauras v. Banco Popular of Puerto Rico, 919 F.3d 617, 628 (1st Cir. 2019) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)) (internal quotation marks omitted). While 42 U.S.C. § 1983 does not supply a statute of limitations, claims pursuant to this section are governed by the limitations period set by states for personal injury claims. *See* De La Cruz Morales v. Puerto Rico Ports Auth., 2021 WL 5507514, at *3 (D.P.R. 2021) (citation omitted). In Puerto Rico, where the alleged injury took place, the statute of limitations for personal-injury actions is one year. *See* P.R. Laws Ann. Tit. 31 § 5298(2). Courts use federal law when deciding when this period begins to run. *See* Martínez-Rivera v.

Commonwealth of Puerto Rico, 812 F. 3d. 69, 74 (1st Cir. 2016). Thus, the First Circuit has held this occurs when the person knows or had reason to know of the injury leading to the claims. Id.

The *Complaint* avers the Agreement was signed on September 2018 and PR Recovery's collection efforts started "**shortly after the execution of the [Agreement].**" (Docket No. 1 at 7) (emphasis added). The *Complaint* also references the state court complaint filed in the Puerto Rico Court of First Instance, San Juan part (Case No. SJ2019CV11697), by BDE on November 7, 2019 against PR Recovery requesting the annulment of the Agreement, breach of contract, recovery of undue payment, and damages. (Docket Nos. 1 at 7, 19-4 at 10-22). It also alleges in passing the Board's failure to review the Agreement. (Docket No. 19-4 at 20).

Even if "shortly after" is construed to mean one (1) year, which strains logic and common sense, that would mean that the statute of limitations would have begun to run on and around September of 2019 when Plaintiffs were subject to the collection and foreclosure actions. Be that as it may, the Court agrees with Defendants that the latest Plaintiff could have known about their "injury" is November 2019. This because the state court complaint placed the public and Plaintiffs on notice about the Agreement and that it had not been reviewed by the Board. (Docket No. 19 at 24). However, the claim was filed on **July 8, 2021, over two years after Plaintiffs knew or had reason to know of their injuries**. Id.

The First Circuit's Opinion Vistamar, Inc. v. Fagunado-Fagundo is instructive here. *See e.g.*, Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66 (1st Cir. 2005). In that case, ownership of the Vistamar property was transferred from the plaintiff to the defendant under purported false pretenses in 1974. Id. at 71. The plaintiff maintained it did not discover or have reason to discover until November 2002 that the defendants did not intend to use the property to construct a highway. The First Circuit, in affirming dismissal of the complaint as time-barred, found that "[a]lthough plaintiff might not have known it with certainty until November 2002, there was more than enough cause for suspicion in the intervening period to support our conclusion that Vistamar had 'reason to know' of the injury by 1984, at the latest." Id.

**B. Plaintiffs' claims under PROMESA are also time-barred**

Assuming *arguendo* that PROMESA provides a private cause of action when the Board fails to review a government contract exceeding $ 10,000,000.00, a proposition which Defendants dispute, any such claim would be time-barred. "When a federal statute creates a cause of action for damages or other legal relief but provides no applicable statute of limitations, 'we generally "borrow" the most closely analogous state limitations period.'" Algonquin Gas Transmission, LLC v. Weymouth, Massachusetts, 919 F.3d 54, 60 (1st Cir. 2019) (quoting Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson, 545 U.S. 409, 414

Case 3:21-cv-01317-RAM   Document 33   Filed 04/12/22   Page 8 of 10

Civil No. 21-1317                                                    Page 8

(2005)). Defendants urge the Court to find that since Plaintiffs' PROMESA claim concerns injury to their property, Puerto Rico's personal injury statute setting forth a one-year statute of limitations is the most analogous period. (Docket No. 19 at 23-24). The Court agrees. Moreover, Plaintiffs have failed to suggest any other statute of limitations period which might be better suited to their PROMESA claim. Therefore, the alleged facts discussed above make pellucid that Plaintiffs' § 1983 claim *and* their PROMESA claim, both of which stem from the same facts, accrued in 2019 and are time-barred.

### C. No instances of tolling exist here

Federal courts also borrow state law tolling rules. To determine whether a claim tolls a § 1983 claim, the Court looks towards the tolling rules set forth in state law, unless "they are hostile to federal interests." De La Cruz Morales, 2021 WL 5507514, at *3 (quoting Martínez-Rivera, 812 F. 3d. at 75). Under Puerto Rico law, the filing of a judicial or extrajudicial claim *can* toll the statute of limitations of a § 1983 action. *See* P.R. Laws. Ann. tit. 31 § 5303. However, in the case at bar, Plaintiffs failed to identify *any* claim which might toll the statute of limitations. Puerto Rico's tolling statute "does not toll the limitations period 'for all claims arising out of the same facts,' but only for 'identical subsequent actions.'" Mark Iaria, 2019 WL 1423691, at *4 (quoting Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 407

(1st Cir. 2009)). This "identicality of claims" also requires that the two actions seek the same form of relief, involve the same substantive claims, and must be asserted against the same defendants in the same capacity. *See* Alamo-Hornedo v. Puig, 745 F.3d 578, 582 (1st Cir. 2014) (quotation omitted). A review of the November 2019 state court complaint clearly shows that it does not involve the same defendants, seek the same form of relief, or involve the same substantive claims as the federal complaint. Plaintiffs have not alleged anything to that effect, either. Thus, the state court complaint did not toll the claims against Defendants.

Finally, the *Complaint* is devoid of allegations that could give rise to equitable tolling. Equitable tolling "extends the limitations period in exceptional circumstances based on fairness considerations." Diaz v. Rivera, 217 F. Supp. 3d 464, 469 (D.P.R. 2016) (citing Neverson v. Farquharson, 366 F. 3d 32, 39-41 (1st Cir. 2004)). Here, Plaintiffs failed to show that Defendants' "misconduct caused the delayed filing" nor have they "alleged any facts of misconduct [by Defendants] concealing [Plaintiffs'] claim." Id. (citing Benitez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998). Therefore, all of Plaintiffs' claims are time-barred.

### IV. CONCLUSION

"Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509-10 (1st Cir. 1998). In light of the above, the Court **GRANTS** the *Motion to Dismiss* because Plaintiffs' claims are time-barred. The Court need not address any alternative arguments for dismissal proffered by Defendants in their *Motion to Dismiss*. (Docket No. 19). Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of April 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge